# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FLICK INTELLIGENCE, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GOOGLE LLC, § <br> § <br> Defendant. § <br> § | Civil Action No. 6:23-cv-00051-ADA |

## DEFENDANT GOOGLE LLC'S RULE 12(b)(6) MOTION
## TO DISMISS PLAINTIFF'S COMPLAINT

**TABLE OF CONTENTS**

                                                                                                             **Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................................... 1

       A.    The Asserted Patents And Claims............................................................................. 1

       B.    Flick's Allegations ..................................................................................................... 4

III.  LEGAL STANDARD .......................................................................................................... 5

IV.  ARGUMENT ........................................................................................................................ 7

       A.    Flick's Allegations Fail To Identify A Separate Display As Required By
               The Claims ................................................................................................................. 7

       B.    Flick Fails To Map Any ARCore Application To The Asserted Claims ................ 8

       C.    Flick's Counsel Has A History Of Filing Deficient Complaints Like The
               Complaint Here ......................................................................................................... 8

V.    CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

Page

**CASES**

*AK Meeting IP LLC v. Zoho Corp.*,
  2023 WL 1787303 (W.D. Tex. Feb. 6, 2023)................................................................. 9

*ALD Soc. LLC v. Google LLC*,
  6:22-cv-00972-FB (W.D. Tex. 2023) .......................................................................... 9

*Ancora Techs., Inc. v. Lenovo Grp. Ltd.*,
  2020 WL 4530718 (D. Del. Aug. 6, 2020) ................................................................. 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................... 5

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ............................................................................. 6, 7, 9

*Dorsey v. Portfolio Equities, Inc.*,
  540 F.3d 333 (5th Cir. 2008) ...................................................................................... 6

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
  605 F. Supp. 3d 905 (W.D. Tex. 2022)................................................................... 6, 7

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
  2017 WL 9477677 (W.D. Tex. Nov. 28, 2017)......................................................... 6

*KI Ventures, LLC v. Fry's Elecs., Inc.*,
  4:13-cv-1407 (S.D. Tex. 2013)................................................................................... 5

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*,
  2023 WL 2290291 (W.D. Tex. Feb. 27, 2023)...................................................... 8, 9

*Metricolor LLC v. L'Oreal S.A.*,
  791 F. App'x 183 (Fed. Cir. 2019) ............................................................................. 7

*NetSoc, LLC v. Chegg Inc.*,
  1:18-CV-10262 (RA) (S.D.N.Y. 2020) ..................................................................... 5

*Ottah v. Fiat Chrysler*,
  884 F.3d 1135 (Fed. Cir. 2018).................................................................................. 9

*Traxcell Tech. v. AT&T Corp.*,
  2:17-cv-00718-RWS-RSP (E.D. Tex. 2022) ............................................................. 5

*Flick Intelligence, LLC v. Google LLC*,
  6:23-cv-00051-ADA

### TABLE OF AUTHORITIES
(continued)

Page

*Traxcell Tech. v. Huawei Techs. USA Inc.*,
   2:17-cv-00042-RWS-RSP (E.D. Tex. 2017) ................................................................ 5

*Vervain, LLC v. Micron Tech., Inc.*,
   2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .................................................................. 6

*WPEM LLC v. SOTI Inc.*,
   2:18-CV-00156-JRG (E.D. Tex. 2020) ....................................................................... 5

*ZT IP, LLC v. VMWare, Inc.*,
   3:22-cv-970 (N.D. Tex. 2023) ..................................................................................... 5

### **RULES**

Fed. R. Civ. P. 12(b)(6)............................................................................................................ 5

**I.      INTRODUCTION**

      Flick Intelligence, LLC's ("Flick") Complaint should be dismissed for failure to identify any allegedly infringing Google LLC ("Google") act or system for key elements of both asserted patents. Central to the patents' alleged invention is the use of an augmented reality ("AR") device to augment video being shown on a separate display—every claim requires this core functionality. Yet, in its Complaint, Flick does not even try to identify anything that it alleges constitutes a separate display, video shown on that display, or any augmentation of that video. Moreover, Flick accuses Google's ARCore of infringement—which is nonsensical because ARCore is a software development kit ("SDK") that does not perform any functionality on its own. And Flick fails to identify how any specific application has ever allegedly used ARCore in an infringing manner, let alone that Google has somehow infringed. Flick's allegations fall well short of demonstrating infringement and should accordingly be dismissed.

**II.     FACTUAL BACKGROUND**

      **A.     The Asserted Patents And Claims**

      Flick alleges that Google infringes at least claim 1 of U.S. Patent Nos. 9,465,451 ("the '451 Patent") and 9,965,237 ("the '237 Patent") (collectively, the "Asserted Patents"). A core concept of the alleged invention claimed in both patents is the use of an AR device to view and augment video being shown on a separate display device (*e.g.*, a TV or movie screen). This concept is emphasized as being central to the claimed invention in the claims, the specification, the prosecution history, and even Flick's claim charts.

      The Asserted Patents are related and have substantially similar specifications that describe an AR device viewing a scene from a multimedia display and annotating the scene with additional information for the viewer. The specifications explain that people "often have

questions about places, people, and things' [sic] appearing as the video content is displayed," creating an alleged need to "provide people with the ability to select a specific scene element [from the video content] to obtain information about" that element. '451 Patent at 1:64–2:10.[1] To address this alleged need, the specifications disclose a system where a "venue can display video on a large display while also providing movie annotation data to people watching the video through augmented reality devices," *id.* at 16:39–42, or alternately a system where "a user with a cell phone type device can [] view the large display or can view an augmented but smaller version on the cell phone." *Id.* at 16:44–46.

Figure 4, for example, "illustrates a system 400 that includes a user 122 accessing a video annotation infrastructure through an augmented reality device 161, in accordance with the disclosed embodiments . . . The user 122 can watch the movie through the AR device 161" so "[i]n essence, users can view the world through their own eyes or can view an augmented version by viewing the world through the device." *Id.* at 12:18–37, Fig. 4:



FIG. 4

---

[1] Because the cited portions of the '451 and '237 Patents are nearly identical, this brief cites only to the '451 Patent's specification for brevity.

"As seen in FIG. 4, the user 122 is aiming the camera at the display and is, oddly, watching the display on a secondary display 129," where "the secondary display 129 can also present annotation data . . . and can overlay various other visual elements." *Id.* at 12:39–43.

Every claim of the Asserted Patents, including the two asserted claims, requires the AR device to view and augment video being shown on a separate display. Asserted claim 1 of the '451 Patent recites "look[ing] through" a "secondary display" of the "augmented reality device to view" "video content [from] a display" and then "utiliz[ing] the augmented reality device" to provide "additional information" about the video content on the "secondary display." And claim 1 of the '237 Patent similarly recites an "augmented reality device" including a "local display" with a "video annotation infrastructure" to view and annotate video being displayed on a "second display."[2]

The concept of using the AR device's display to view a separate display was material to issuance of the Asserted Patents. When prosecuting the '451 Patent, the Applicants expressly distinguished the prior art based on this requirement that there be a display device that is displaying the video and that is separate from the AR device: "Applicants request Examiner to notice that viewing the *display* via the augmented reality device is not the same as viewing the video content through the AR device because the display is a device. The viewer sees video content because they are looking through the AR device at the display while the display presents the content." *See* Google's Motion for Judicial Notice Ex. A at 7 (emphasis in original) (filed concurrently with this Motion).

---

[2] Confusingly, claim 1 of the '237 Patent refers to the "second display" as being the separate display, while claim 1 of the '451 Patent refers to the "secondary display" as being the display associated with the AR device. Nevertheless, both patents expressly recite a separate display distinct from the AR device display.

*Flick Intelligence, LLC v. Google LLC*,
6:23-cv-00051-ADA
                                              - 3 -                    GOOGLE'S MOTION TO DISMISS

### B.      Flick's Allegations

In the claim charts that Flick attached to its Complaint, Flick agrees that the asserted claims require a separate display that displays video.  Flick states that claim 1 of the '237 Patent requires "a display (such as a television, and a movie screen) capable of displaying a video scene.  The augmented reality device is configured to detect (using cameras) video scenes being displayed on the display provided by the infrastructure."  Dkt. 1-4 at 1.  Similarly, Flick explains with respect to the '451 Patent that a "video display" may encompass "television, laptop and billboards [] that display real objects in a frame of video content.  The user's device comprises a camera which captures the scene [] from the video display and augments additional information."  Dkt. 1-2 at 1.

Yet in this case, Flick fails to identify anything that it alleges constitutes these key components of the claimed invention.  Instead, Flick accuses "Google ARCore," a software development kit, of directly infringing the '451 Patent and an unidentified "AR application developed using Google ARCore" of directly infringing the '237 Patent (collectively, the "Accused Products").[3]  Compl. ¶¶ 8, 15; *see also id.* ¶¶ 9, 16; Dkts. 1-2, 1-4 (charts that Flick alleges provide "[s]upport for the allegations of infringement").  Neither the Complaint nor its accompanying charts identify anything allegedly constituting an AR device viewing a separate display, a video being shown on that display, or some augmentation of elements of said video, as required by the asserted claims.  Nor do they specify how any application developed using Google ARCore allegedly meets all elements of the asserted claims.

---

[3] The parties stipulated that Flick would dismiss without prejudice its claims for indirect infringement and willful infringement pursuant to Section VII of the Court's OGP.  Dkt. 25.

*Flick Intelligence, LLC v. Google LLC*,
6:23-cv-00051-ADA                                     - 4 -              GOOGLE'S MOTION TO DISMISS

Counsel for Google explained these deficiencies to counsel for Flick in a detailed letter before filing this motion and requested that Flick dismiss its Complaint. Counsel for Flick never responded. And this is not the first time that counsel for Flick has prosecuted baseless claims for patent infringement. Indeed, courts across the country have repeatedly sanctioned Flick's counsel for similar conduct.[4] The pleadings here are just as faulty and warrant dismissal under Rule 12(b)(6).

### III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is not plausible unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" based on "more than

---

[4] *See, e.g.*, *ZT IP, LLC v. VMWare, Inc.*, 3:22-cv-970, Dkt. 43 (N.D. Tex. Feb. 26, 2023) (awarding attorneys' fees of $92,130.35 for belated dismissal of frivolous patent infringement allegations after repeated warnings from defendant); *Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 520 (E.D. Tex. Mar. 29, 2022) (ordering plaintiff to pay more than $100,000 in attorneys' fees for pursuing unsupported infringement theories, filing meritless motions, and continually disregarding the court's reasoning); *see also Traxcell Tech.*, 2:17-cv-00718-RWS-RSP, Dkt. 532 (E.D. Tex. Sept. 29, 2022) (amending award to $489,710.00); *Traxcell Tech.*, 2:17-cv-00718-RWS-RSP, Dkt. 519 (E.D. Tex. Mar. 29, 2022) (awarding $784,529.16 in attorneys' fees for pursuing unsupported infringement theories, filing meritless motions, and continually disregarding court's reasoning); *Traxcell Tech.*, 2:17-cv-00718-RWS-RSP, Dkt. 535 (E.D. Tex. Nov. 10, 2022) (affirming attorneys' fees award of $784,529.16); *WPEM LLC v. SOTI Inc.*, 2:18-CV-00156-JRG, Dkt. 55 (E.D. Tex. Feb. 4, 2020) (admonishing plaintiff for failing to conduct reasonable pre-suit investigation); *Traxcell Tech. v. Huawei Techs. USA Inc.*, 2:17-cv-00042-RWS-RSP, Dkt. 142 (E.D. Tex. Dec. 21, 2017) (awarding fees to defendant because of plaintiff's "unintelligible" infringement contentions); *NetSoc, LLC v. Chegg Inc.*, 1:18-CV-10262 (RA), Dkt. 118 (S.D.N.Y. Dec. 10, 2020) (awarding fees for asserting infringement based on claim not in asserted patents); *KI Ventures, LLC v. Fry's Elecs., Inc.*, 4:13-cv-1407, Dkt. 43 (S.D. Tex. Nov. 18, 2013) (dismissing case with prejudice under Rule 11 for failure to explain basis for infringement).

a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A plaintiff must plead patent infringement claims with "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "A literal infringement claim 'require[s] a showing that each and every limitation set forth in a claim appears in the accused product.'" *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 909 (W.D. Tex. 2022) (quoting *Iron Oak Techs., LLC v. Acer Am. Corp.*, 2017 WL 9477677, at *3 (W.D. Tex. Nov. 28, 2017) (collecting cases)). The "complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Micron Tech., Inc.*, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8*, 4 F.4th at 1353).

A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations omitted). "Courts may take judicial notice of government records, like prosecution history . . . even when resolving a Rule 12(b)(6) motion." *Vervain*, 2022 WL 23469, at *5 n.2 (collecting cases); *see also Grecia*, 605 F. Supp. 3d at 915 ("as matters of public record, [patents'] prosecution histories] are subject to judicial notice and appropriate for this Court to consider at the pleading stage") (collecting cases).

IV. **ARGUMENT**

### A. Flick's Allegations Fail To Identify A Separate Display As Required By The Claims

Flick's allegations do not even try to identify any basis to allege that the accused Google products augment elements of a video shown on a separate display, as required by all claims of both Asserted Patents. As the Asserted Patents make clear and as Flick admits, all asserted claims require an AR device to view and augment a video shown on a separate display. *Supra* Section II. Yet Flick fails, both in its Complaint and its claim charts, to identify anything allegedly comprising a separate display. At best, Flick appears to speculate that the required separate "display" might exist in a user's "surroundings," such as a television, movie screen, or billboard that happens to be out there, and that the user's smartphone or tablet device might view one of these hypothetical separate "displays." Dkt. 1-2 at 1; Dkt. 1-4 at 5. But Flick fails to identify any real example of such a separate display. Nor does Flick identify anything that allegedly comprises a video being shown on a separate display or allegedly constitutes augmentation of the video being shown on the separate display. This failure is fatal to Flick's claim of infringement. Where, as here, plaintiff does "not identify [a key element] in any of the Accused Products," a plaintiff "fail[s] to sufficiently plead a claim of patent infringement in its complaint." *Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019).

Rather than identify how Google allegedly infringes any of the foregoing claim elements, Flick merely parrots the claim language and cites to a motley of documents generally describing ARCore. "The mere recitation of claim language, however, is insufficient to assert a claim, even on a motion to dismiss." *Grecia*, 605 F. Supp. 3d at 916. At best, these documents show that ARCore is capable of enabling augmented reality, which falls well short of plausibly alleging that ARCore infringes the specific patented invention. *See Bot M8*, 4 F.4th at 1355 (affirming

dismissal because plaintiff points to different "components in the allegedly infringing devices [but] never says which one or ones satisfy" specific limitations).

**B.     Flick Fails To Map Any ARCore Application To The Asserted Claims**

Flick's infringement allegation that ARCore infringes does not make logical sense.  As Flick admits, ARCore is an SDK used to build applications—it is not itself an application, and it does not (and cannot) perform any functionality at all on its own, much less any of the functionality described in the Asserted Patents.  *See* Dkts. 1-2, 1-4 at 1 (Flick admitting that "ARCore [is] a software development kit that is used for building Augmented Reality (AR) applications").  Thus, to sufficiently plead that "ARCore" practices the recited functionality, Flick must identify at least one application built using ARCore that allegedly meets all of the claimed limitations.  Flick fails to do so in either its Complaint or its charts.

Flick does not expressly accuse *any* ARCore application of infringement; rather, Flick merely includes in its charts screenshots taken from YouTube videos that show snippets of various mobile applications.  *See, e.g.*, Dkt. 1-2 at 10; Dkt 1-4 at 10.  To the extent Flick alleges infringement of any ARCore application at all, Flick fails to map said application to each of the claim elements, including those elements that require viewing a separate display showing video and augmenting said video.  Because Flick has not identified *any* application—let alone a Google application—that allegedly satisfies all claim limitations of the asserted claims, Flick has failed to identify a single instance of alleged infringement of the Asserted Patents.

**C.     Flick's Counsel Has A History Of Filing Deficient Complaints Like The Complaint Here**

This is not the first time that Flick's counsel has filed an insufficiently pled complaint.  Courts in this District have dismissed numerous infringement allegations brought by Flick's counsel for failing to identify the specific software or device that allegedly meets the elements of

the asserted claims, as here.  In *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, for example, the court found that "Plaintiff's allegations and charts fail to identify devices or software for each claim limitation."  2023 WL 2290291, at *3 (W.D. Tex. Feb. 27, 2023).  As the *LS Cloud* court explained, "where 'the Complaint does not match the[] limitations to components and functions of the Accused Products,'" "Plaintiff's claim is too vague to state a plausible claim for infringement."  *Id.* at *4 (quoting *Ancora Techs., Inc. v. Lenovo Grp. Ltd.*, 2020 WL 4530718, at *1 (D. Del. Aug. 6, 2020)).  The court found that the plaintiff did not provide defendants notice as to what meets the limitations of that claim and granted the defendants' motion to dismiss.  *Id.* at *4–5.  In the same way here, Flick does not match the limitations of the asserted claims to the components and functions of any ARCore application and, thus, fails to provide notice as to what meets the elements of the claims.

Similarly, in *AK Meeting IP LLC v. Zoho Corp.*, the court found that the plaintiff failed to state a claim upon which relief can be granted because "the Amended Complaint does nothing more than recite the elements of [plaintiff's] infringement claims" and "its incorporation of [a claim chart], with annotations to screenshots taken from [defendant's] website, add virtually nothing to the threadbare recitals in the Amended Complaint itself."  2023 WL 1787303, at *5 (W.D. Tex. Feb. 6, 2023).  In granting the motion to dismiss, the court further explained that the complaint, drafted by Flick's counsel, "ignor[ed] material limitation[s] to" the asserted patents.  *Id.* at *5–6.  Here, Flick has likewise ignored material limitations and done nothing more than annotate screenshots from ARCore websites without making any effort to identify how those screenshots allegedly correspond to the key claimed functionality.

And in a third example from this District, the court dismissed with prejudice a complaint filed by Flick's counsel because, as with the other examples and as in this case, the complaint

failed to allege that the accused products met critical claim limitations required by the patent claims. The court explained that "Plaintiff directs the Court's attention to nothing in the Accused Products" that would meet "limitations required by each patent claim," meaning "dismissal is therefore appropriate." *ALD Soc. LLC v. Google LLC*, 6:22-cv-00972-FB, Dkt. 20, at 7–8, 11 (W.D. Tex. Mar. 17, 2023) (citing *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141–42 (Fed. Cir. 2018); *Bot M8*, 4 F.4th at 1353)). Flick's Complaint should similarly be dismissed because it fails to identify anything in the accused products that practices the key separate display limitations required by all asserted claims.

## V. CONCLUSION

For the reasons above, Flick's Complaint should be dismissed for failure to state a claim of infringement.

| | |
|---|---|
| Dated:  April 7, 2023 | */s/ Brian C. Banner* |
| | Brian C. Banner (TX Bar No. 24059416)<br>bbanner@sgbfirm.com<br>**SLAYDEN GRUBERT BEARD PLLC**<br>401 Congress Ave., Suite 1650<br>Austin, TX 78701<br>tel: 512.402.3550<br>fax: 512.402.6865 |
| | Darin W. Snyder (*Pro Hac Vice*)<br>Email: dsnyder@omm.com<br>Luann L. Simmons (*Pro Hac Vice*)<br>Email: lsimmons@omm.com<br>Mark Liang (*Pro Hac Vice*)<br>Email: mliang@omm.com<br>Bill Trac (*Pro Hac Vice*)<br>Email: btrac@omm.com<br>Nathaniel Legum (*Pro Hac Vice*)<br>Email: nlegum@omm.com<br>**O'MELVENY & MYERS LLP**<br>Two Embarcadero Center, 28th Floor<br>San Francisco, California  94111-3823<br>Telephone:       +1 415 984 8700<br>Facsimile:        +1 415 984 8701 |
| | ***ATTORNEYS FOR DEFENDANT GOOGLE LLC*** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2023, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users as authorized by Fed. R. Civ. P. 5(b)(2).

                                                */s/ Brian C. Banner*
                                                Brian C. Banner