**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **FLICK INTELLIGENCE, LLC,** | |
| **Plaintiff,** | **Civil Action No. 6:23-cv-00051-ADA** |
| **v.** | |
| **GOOGLE, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant** | |

**RESPONSE TO DEFENDANT GOOGLE LLC'S
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Flick Intelligence, LLC ("Flick" or "Plaintiff") sued Defendant Google, LLC

("Google" or "Defendant") alleging that Google infringes claims of U.S. Patent Nos. 9,465,451

("the '451 patent") and 9,965,237 ("the '237 patent") (collectively referred to as the "Patents-in-

Suit").[1] On April 7, 2023, Defendant filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's

Complaint ("Defendant's Motion").[2] Defendant's Motion should be denied.

## I.    BACKGROUND

Claim 1 of the '451 Patent recites:

> 1. A method for displaying additional information about a scene element
> displayed in a frame of video content being presented on a display, the method
> comprising:
>     determining a location of the display in relation to an augmented reality
> device wherein a plurality of markers is used to determine the location of the
> display, **wherein the augmented reality device comprises a secondary display**,
> and wherein the location of the display is used to map points on the display to
> points on the secondary display;
>     detecting a selection of the scene element wherein a viewer looks through
> the augmented reality device to view the display and utilizes the augmented
> reality device to point at and select the scene element; and

---

[1] See Doc. No. 1.
[2] Doc. No. 26.

displaying the additional information to the viewer on the secondary
display, in response to the selection.[3]

Claim 1 of the '237 Patent recites:

> 1. An augmented reality device for accessing a video annotation infrastructure,
> said augmented reality device comprising:
>> a local display;
>> a scene alignment module that locates a display position in said local
>> display from at least one marker, wherein said display position is used to map
>> points on said local display **to points on a second display** and wherein said at
>> least one marker assists said augmented reality device in determining a location
>> and a distance of said second display;
>> an annotation data receiver that generates annotation selection data that is
>> downloaded into said augmented reality device ahead of time or on-demand,
>> wherein said annotation selection data includes cursor coordinates that yield an
>> element identifier and annotation data that specifies at least one selectable zone
>> comprising a combination of selectable areas and time periods during which said
>> selectable areas are selectable and wherein said at least one selectable zone
>> includes coordinates in both space and time;
>>> wherein said coordinates are specified as a series of discrete coordinates;
>>> the augmented reality device further comprising:
>> a local data store and a query router, wherein said query router sends
>> queries to at least one data server and said local data store within said augmented
>> reality device, wherein said local display displays a cursor and query results with
>> respect to said queries overlaid on top of a displayed image; and
>>> wherein said query results are gathered and passed for presentment to a
>> user via said local display, wherein said local display shows said query results.[4]

## II.   LEGAL STANDARD

A 12(b)(6) motion asserts a "purely procedural question not pertaining to patent law."

*McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356 (Fed. Cir. 2007)*. When deciding a *12(b)(6)*

motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them

in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig., 495 F.3d 191,*

*205 (5th Cir. 2007)* (quotation marks omitted). To survive a *Rule 12(b)(6)* motion to dismiss, the

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[3] Doc. No. 1-1, Column 31: lines 31-47 (31:31-47).
[4] Doc. No. 1-3, 28:45 to 29:9.

*Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. This standard does not require "detailed factual allegations;" however, this standard does not permit accusations that are completely devoid of factual **[*3]** support. *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Twombly, 550 U.S. at 555*).

The plausibility standard requires the plaintiff to plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly, 550 U.S. at 545*. Therefore, a patentee must only "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal, 501 F.3d at 1356*; *see also* 13B Fed. Proc. Forms § 52.351 (updated June 2022) (modeling a sample complaint for patent infringement that only contains: (1) an allegation of jurisdiction; (2) the plaintiff's statement of patent ownership; (3) the assertion that the defendant has infringed on the patent "by making, selling, and using" the patented product; (4) the plaintiff's statement that he notified defendant of such infringement; and (5) a demand for relief).

In *Bot M8 LLC v. Sony Corporation of America, 4 F.4th 1342 (Fed. Cir. 2021)*, the Court affirmed-in-part and reversed-in-part an order dismissing direct infringement claims on four patents for failure to sufficiently plead. *See id. at 1358*. Critically, the opinion denounced a "blanket element-by-element pleading standard for patent infringement," favoring instead a flexible inquiry into "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id. at 1352*. The level of detail required to meet that standard depends on multiple factors, not limited to "the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id. at 1353*. Under any standard, however, the complaint must

support its entitlement to relief with "factual content," not just conclusory allegations that the accused product(s) meet every claim limitation. *Id*

### III.    ARGUMENT

#### A.    Flick Has Identified All Claim Features Infringed By Defendant

Defendant asserts that Flick has failed to identify the accused Google products augment elements of a video shown a separate display and identify a video being shown a separate display.[5]  It is noted that Defendant does not deny that it infringes every element of the claims, but only asserts that Flick has failed to alleged a feature of each claim is infringed.  For the avoidance of doubt, the accused Google product is ARCore, a software development kit used for building Augmented Reality (AR) applications. Furthermore, the claim features of the second display ('237 Patent claim 1) or secondary display ('451 Patent claim 1) are inferentially claimed. Each of these features is a work piece.  This should be very clear at least with regard to '451 Patent claim 1 that is directed to a method.

Furthermore, the claim charts do identify Google's website that describes ARCore. See https://developers.google.com/ar (for example, see Dkt. No. 1-2, page 2 and Dkt. No. 1-4, page 6). The initial page of this website shows moving images based on using ARCore.

---

[5] Doc. No. 26, page 11.



Contrary to the assertions made by Defendant, Flick has identified all claim features as being infringed by Defendant.  Furthermore, because the Court has not construed the claims and because the parties have not engaged in discovery, it would be premature for this Court to hold that the claims in the Asserted Patents require the ARCore to augment elements of a video shown a separate display or to even have a secondary display. *See Billjco v. Cisco Sys., No. 2:21-CV-181, 2021 U.S. Dist. LEXIS 251455, 2021 WL 6618529, at \*4 (E.D. Tex. Nov. 30, 2021)* ("At the 12(b)(6) stage, **[\*7]**  the parties have neither completed claim construction discovery nor briefed claim construction related issues. The Court therefore declines to determine at this juncture

---

[6] https://developers.google.com/ar

whether asserted method claims require multiple steps or which actors must perform those steps.").

**B.    Flick has sufficiently mapped ARCore Application to the Asserted Claims**

Contrary to the allegations made by Defendant, Flick submits that it has mapped each claim element to the ARCore application.  See the claim charts at Doc. Nos. 1-2 and 1-4. Furthermore, Flick has provided sufficient notice of what Defendant must defend.  The factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Bot M8 LLC v. Sony Corporation of America. at 1352*. Flick has met the level of detail required to meet that standard and has provided sufficient support for its entitlement to relief with "factual content," not just conclusory allegations that the accused product(s) meet every claim limitation. *Id*

**C.    Defendant is attempting to prejudice the court.**

Defendant appears to be attempting to prejudice this court by identifying cases unrelated to Flick as purported examples of insufficiently pled complaints.  Defendant has provided no context as to how these cases are comparable to the present case except that the cases were handled by the same Plaintiff's attorney.  Defendant does not address the different plaintiffs, different defendants and different patents at issue.  Defendant merely expects that because other cases were dismissed, this case should be as well.

**IV.    CONCLUSION**

For the foregoing reasons, M4siz respectfully requests that the Court deny Defendant's Motion to Dismiss.  However, should the Court agree with any portion of Defendant's Motion, leave to amend the Complaint is requested.

Respectfully submitted,

*/s/ William P. Ramey, III*
William P. Ramey, III
Ramey LLP
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

**Attorneys for Flick Intelligence, LLC**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of April 21, 2023, with a copy of the foregoing via ECF.

/s/ William P. Ramey III
William P. Ramey, III