IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FLICK INTELLIGENCE, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GOOGLE LLC, § <br> § <br> Defendant. § <br> § | Civil Action No. 6:23-cv-00051-ADA |

**DEFENDANT GOOGLE LLC'S REPLY BRIEF IN SUPPORT OF ITS
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

Page

A. Flick Fails To Identify A Separate "Display" Or Augmentation Of Video Elements From Said Display, As Required By The Claims ............................................... 1

B. Flick Admits ARCore Is An SDK That Is Incapable Of Performing The Asserted Claims .................................................................................................................................. 2

C. The Court Should Dismiss Flick's Complaint With Prejudice .......................................... 3

# TABLE OF AUTHORITIES

**Page**

**CASES**

*AK Meeting IP LLC v. Zoho Corp.*,
  2023 WL 1787303 (W.D. Tex. Feb. 6, 2023) .......................................................................... 1

*Akamai Tech., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015) ............................................................................................... 3

*ALD Soc. LLC v. Google LLC*,
  6:22-cv-00972-FB (W.D. Tex.) ............................................................................................... 1

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
  605 F. Supp. 3d 905 (W.D. Tex. 2022) ........................................................................... 1, 3, 4

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
  2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ....................................................................... 3

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*,
  2023 WL 2290291 (W.D. Tex. Feb. 27, 2023) ........................................................................ 1

Flick's Opposition fails to overcome the fatal flaws in Flick's Complaint. First, despite the express claim limitations requiring a separate "display," Flick cannot cite to a single allegation in its Complaint that allegedly identifies the required separate "display" in the accused ARCore product, let alone the required action of augmenting elements of a video shown on that separate display. Second, Flick concedes that ARCore is an SDK, i.e., a development tool. But an SDK can perform no functions on its own, and Flick fails to explain how such a development tool could possibly perform the limitations of the asserted claims.

Attempting to distract from these fatal deficiencies, Flick resorts to incorrectly asserting that Google does not deny infringement,[1] but rather "only asserts that Flick has failed to alleged [sic] a feature of each claim is infringed." Opp. at 4. Flick's assertion fundamentally misses the point. To assert infringement, the law *requires* that Flick allege that all "feature[s]" of "each claim [are] infringed." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 909 (W.D. Tex. 2022). Yet Flick has failed to allege that ARCore meets critical claim elements. Plaintiff's counsel has committed this same error in numerous cases in this District—decisions likewise dismissing complaints for failure to identify key claim elements. *See* Mot. at 8–10 (citing *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, 2023 WL 2290291 (W.D. Tex. Feb. 27, 2023); *AK Meeting IP LLC v. Zoho Corp.*, 2023 WL 1787303 (W.D. Tex. Feb. 6, 2023); *ALD Soc. LLC v. Google LLC*, 6:22-cv-00972-FB, Dkt. 20 (W.D. Tex. Mar. 17, 2023)).

Because Flick has not and cannot identify *anything* in ARCore that allegedly corresponds to express limitations in the claims, the Court should dismiss with prejudice Flick's Complaint.

A. **Flick Fails To Identify A Separate "Display" Or Augmentation Of Video Elements From Said Display, As Required By The Claims**

Unable to identify a separate "display" in ARCore, Flick asserts that the issue is one of

---

[1] To be clear, Google denies that it infringes any asserted claim of any asserted patent.

1

"claim construction," because the claims may not require augmenting elements of a video from a separate display or "even hav[ing] a secondary display." *Id.* at 5. That assertion is wrong. The requirement of a separate display is not "inferentially claimed" (*id.* at 4) nor an issue of claim construction—the claims **expressly** recite and require a separate display. Claim 1 of the '451 Patent recites a "display" separate from the augmented reality device's "secondary display." And claim 1 of the '237 Patent recites a "local display" (of the augmented reality device) separate from a "second display." Indeed, before Google filed its motion to dismiss, Flick agreed with this plain reading of the express claim language—Flick's own claim charts describe the claims as requiring a separate "display" that displays "video scenes" and "video content," as Google explained. *See* Dkt. 26 ("Mot.") at 4 (citing Dkts. 1-2, 1-4 at 1).

Flick's Complaint cannot survive given Flick's complete failure to identify **any** aspect of ARCore that allegedly corresponds to limitations requiring a separate display, video shown on that display, or augmenting elements of that video. Flick's Opposition confirms that no such elements are found in ARCore, as Flick points **only** to evidence of "moving images based on using ARCore." *Id.* at 4–5. This is the same type of deficient evidence that Flick points to in its Complaint: evidence that ARCore enables augmented reality generally—not evidence of augmenting elements of a video on a separate display. At most, Flick speculates that something in the user's "surroundings," such as a television or movie screen, **might** constitute a separate "display." *See* Mot. at 7 (citing Dkt. 1-2 at 1; Dkt. 1-4 at 5). That speculation falls well short of alleging that ARCore incorporates the required separate display, let alone that ARCore augments elements of a video shown on said separate display.

### B. Flick Admits ARCore Is An SDK That Is Incapable Of Performing The Asserted Claims

Flick's allegation that ARCore infringes must fail for a second, independent reason.

Attempting to clarify its ambiguous Complaint and claim charts, Flick admits that "the accused Google product is ARCore, a software development kit" (Opp. at 4), not some hypothetical ARCore application that purportedly augments elements of a video shown on a separate display. But the ARCore SDK does nothing on its own, as Google explained and Flick does not deny—it is a tool that developers use to develop their own applications. *See* Mot. at 8. Thus, ARCore cannot possibly infringe the asserted claims.[2]

### C. The Court Should Dismiss Flick's Complaint With Prejudice

As a matter of law, there exists no plausible allegation that ARCore "show[s] that each and every limitation set forth in a claim appears in the accused product.'" *Grecia*, 605 F. Supp. 3d at 909 (quoting *Iron Oak Techs., LLC v. Acer Am. Corp.*, 2017 WL 9477677, at *3 (W.D. Tex. Nov. 28, 2017) (collecting cases)). Flick alleges infringement merely because ARCore depicts augmented information about the user's real-world surroundings, as opposed to disclosing a separate display and augmenting elements of a video from that display. That falls well short of plausibly alleging infringement. And Flick cannot remedy this deficiency. Flick does not dispute how ARCore works, but rather relies on a putative "claim construction" that disregards express claim elements reciting a separate display. That legal position is untenable. ARCore, the sole accused product (Opp. at 4), is an SDK that cannot itself infringe, as Flick does not dispute. Any amendment of the Complaint by Flick, therefore, would be futile.

Under analogous circumstances involving the absence of a critical claim element, this Court has dismissed with prejudice. In *Grecia*, the asserted claims recited "encrypted digital

---

[2] Flick's allegation that ARCore infringes is particularly flawed with respect to claim 1 of the '451 Patent, which is a method claim. Flick does not explain how Google's ARCore would perform each of the method steps, as required to show infringement by Google. *See Akamai Tech., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (direct infringement "occurs where all the steps of a claimed method are performed by or attributable to a single entity").

media," and the plaintiff alleged infringement based on allusions to "digital money." 605 F. Supp. 3d at 915. The defendant explained that "digital money" could not be "digital media." *Id.* And further, the patentee disavowed this interpretation to the PTAB. *Id.* at 915–16. On these facts, the Court agreed that the plaintiff failed to allege infringement of this key claim element and dismissed the plaintiff's original complaint **with prejudice**. *Id.* at 917.

This case is on all fours with *Grecia*. The asserted claims recite augmenting elements of a video from a separate display, and Flick attempts to allege infringement based solely on augmentation of the user's real-world surroundings. And analogous to *Grecia*, Flick disavowed its putative claim construction during prosecution, where Flick explained that "viewing the ***display*** via the augmented reality device is not the same as viewing the video content through the AR device." *See* Google's Motion for Judicial Notice Ex. A at 7 (emphasis in original). Flick cannot plausibly allege that ARCore meets key elements of the asserted claims.

For the reasons discussed above and in Google's motion, the Court should dismiss Flick's Complaint with prejudice.

| | |
|---|---|
| Dated: April 28, 2023 | */s/ Brian C. Banner* |

<div style="margin-left: 40%;">

Brian C. Banner (TX Bar No. 24059416)
bbanner@sgbfirm.com
**SLAYDEN GRUBERT BEARD PLLC**
401 Congress Ave., Suite 1650
Austin, TX 78701
tel: 512.402.3550
fax: 512.402.6865

Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
Mark Liang (*Pro Hac Vice*)
Email: mliang@omm.com
Bill Trac (*Pro Hac Vice*)
Email: btrac@omm.com
Nathaniel Legum (*Pro Hac Vice*)
Email: nlegum@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:  +1 415 984 8700
Facsimile:   +1 415 984 8701

***ATTORNEYS FOR DEFENDANT GOOGLE LLC***

</div>

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of April, 2023, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users as authorized by Fed. R. Civ. P. 5(b)(2).

                                          */s/ Brian C. Banner*
                                          Brian C. Banner